**REPUBLIC OF BOLIVIA, Plaintiff,**

v.

**PHILIP MORRIS COMPANIES, INC., et al., Defendant.**

**Civil Action No. G–99–110.**

United States District Court, S.D. Texas, Galveston Division.

March 1, 1999.

Vaughan O. Stewart, Lake Jackson, TX, David W. Robertson, Univ. of Texas School of Law, Austin, TX, Don R Riddle, Riddle & Baumgartner, Houston, TX, for The Republic of Bolivia

Stephen D. Susman, Susman Godfrey LLP, Houston, TX, for Philip Morris Companies, Inc., Philip Morris Incorporated, Philip Morris Products Inc., Philip Morris International Inc., Philip Morris Management Corp., Philip Morris Duty Free Inc.

Paul Edward Stallings, Vinson and Elkins, Houston, TX, Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Brown & Williamson Tobacco Corporation, Batus Holdings Inc.

Daniel F. Kolb, Ola N. Rech, Davis Polk et al, New York City, for RJR Nabisco Holdings, RJR Nabisco Inc.

Robert F. McDermott, Jr., Jones Day et al, Washington, DC, Paul S. Ryerson, Jones Day et al, Washington, DC, for R.J. Reynolds Tobacco Company, R.J. Reynolds International, Inc.

Aaron Marks, Kasowitz Benson et al, New York City, for Brooke Group Ltd., Liggett Group Inc.

Stephen E. Scheve, Shook Hardy and Bacon, Houston, TX, Steven Richard Selsberg, Shook Hardy and Bacon, Houston, TX, for Loews Corporation, Lorillard, Inc., Lorillard Tobacco Co.

### ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

KENT, District Judge.

Plaintiff, the Republic of Bolivia, brings this action to recover from numerous tobacco companies various health care costs it allegedly incurred in treating illnesses its residents suffered as a result of tobacco use. This action was originally filed in the District Court of Brazoria County, Texas, 239th Judicial District, and removed to this Court on February 19, 1999, by certain Defendants alleging jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. For the following reasons, the Court exercises its authority and discretion pursuant to 28 U.S.C. § 1404(a) to *sua sponte* **TRANS-**

**FER** this case to the United States District Court for the District of Columbia.

This is one of at least six similar actions brought by foreign governments in various courts throughout the United States. The governments of Guatemala, Panama, Nicaragua, Thailand, Venezuela, and Bolivia have filed suit in the geographically diverse locales of Washington, D.C., Puerto Rico, Texas, Louisiana, and Florida, in both state and federal courts. Why none of these countries seems to have a court system their own governments have confidence in is a mystery to this Court. Moreover, given the tremendous number of United States jurisdictions encompassing fascinating and exotic places, the Court can hardly imagine why the Republic of Bolivia elected to file suit in the veritable hinterlands of Brazoria County, Texas. The Court seriously doubts whether Brazoria County has ever seen a live Bolivian ... even on the Discovery Channel. Though only here by removal, this humble Court by the sea is certainly flattered by what must be the worldwide renown of rural Texas courts for dispensing justice with unparalleled fairness and alacrity, apparently in common discussion even on the mountain peaks of Bolivia! Still, the Court would be remiss in accepting an obligation for which it truly does not have the necessary resources. Only one judge presides in the Galveston Division—which currently has before it over seven hundred cases and annual civil filings exceeding such number—and that judge is presently burdened with a significant personal situation which diminishes its ability to always give the attention it would like to all of its daunting docket obligations, despite genuinely heroic efforts to do so. And, while Galveston is indeed an international seaport, the capacity of this Court to address the complex and sophisticated issues of international law and foreign relations presented by this case is dwarfed by that of its esteemed colleagues in the District of Columbia who deftly address such awesome tasks as a matter of course. Indeed, this Court, while doing its very best to address the more prosaic matters routinely before it, cannot think of a Bench better versed and more capable of handling precisely this type of case, which requires a high level of expertise in international matters. In fact, proceedings brought by the Republic of Guatemala are currently well underway in that Court in a related action, and there is a request now before the Judicial Panel on Multidistrict Litigation to transfer to the United States District Court for the District of Columbia all six tobacco actions brought by foreign governments, ostensibly for consolidated treatment. Such a Bench, well-populated with genuinely renowned intellects, can certainly better bear and share the burden of multidistrict litigation than this single judge division, where the judge moves his lips when he reads....

Regardless of, and having nothing to do with, the outcome of Defendants' request for transfer and consolidation, it is the Court's opinion that the District of Columbia, located in this Nation's capital, is a much more logical venue for the parties and witnesses in this action because, among other things, Plaintiff has an embassy in Washington, D.C., and thus a physical presence and governmental representatives there, whereas there isn't even a Bolivian restaurant anywhere near here! Although the jurisdiction of this Court boasts no similar foreign offices, a somewhat dated globe is within its possession. While the Court does not therefrom profess to understand all of the political subtleties of the geographical transmogrifications ongoing in Eastern Europe, the Court is virtually certain that Bolivia is not within the four counties over which this Court presides, even though the words Bolivia and Brazoria are a lot alike and caused some real, initial confusion until the Court conferred with its law clerks. Thus, it is readily apparent, even from an outdated globe such as that possessed by this Court, that Bolivia, a hemisphere away, ain't in south-central Texas, and that, at the very least, the District of Columbia is a

more appropriate venue (though Bolivia isn't located there either). Furthermore, as this Judicial District bears no significant relationship to any of the matters at issue, and the judge of this Court simply loves cigars, the Plaintiff can be expected to suffer neither harm nor prejudice by a transfer to Washington, D.C., a Bench better able to rise to the smoky challenges presented by this case, despite the alleged and historic presence there of countless "smoke-filled" rooms. Consequently, pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, and in the interest of justice, this case is hereby **TRANSFERRED** to the United States District Court for the District of Columbia.

**IT IS SO ORDERED.**